## PRUITT v. BUTTERFIELD.

No. 2278.   Opinion Filed November 26, 1912.

(128 Pac. 130.)

1.   **APPEAL AND ERROR**—Review—Sufficiency of the Evidence. In an action in replevin for recovery of property alleged to have been obtained by defendants through fraud, where the issues have been fairly submitted to the jury, and the verdict is fairly supported by the evidence, it will not be disturbed on appeal.

2.   **NEW TRIAL**—Grounds—Newly Discovered Evidence. A motion for new trial on the ground of newly discovered evidence should not be sustained, unless it reasonably appears from the motion that the newly discovered evidence might change the result.

(Syllabus by Harrison, C.)

*Error from Stephens County Court;
W. H. Admire, Judge.*

Action by H. W. Butterfield against Henry Pruitt. Judgment for plaintiff, and defendant brings error. Affirmed.

*W. I. Gilbert* and *E. H. Bond,* for plaintiff in error.

*Robert Burns,* for defendant in error.

Opinion by HARRISON, C.   This action was begun June 22, 1908, in the county court of Stephens county, by G. W. Butterfield against J. B. Miller and Henry Pruitt for possession of two mules, two horses, a wagon, and set of harness, valued at $475, and alleged to have been obtained from plaintiff by J. B. Miller and Henry Pruitt through fraud and misrepresentation. It is alleged that he had sold said property to said parties in consideration of the personal note of J. B. Miller and a certain vendor's lien note on a tract of land in the state of Texas, as security for the payment of Miller's note; that, relying on the truth of the representations made by Miller as to the value and genuineness of said vendor's lien note, and relying solely upon said vendor's lien note, he parted with his property, conveying same by bill of sale to Miller; that subsequently he ascertained that both the vendor's lien note and Miller's personal note were worthless. Thereupon he instituted this action to recover his property. In January, 1910, the cause was tried resulting in a verdict and judg-

ment for plaintiff for the return of his property or the value thereof. At the time the action was brought, the property was in possession of defendant Pruitt; Miller having died in the meantime. It was contended by plaintiff that Miller and Pruitt acted together in a conspiracy to defraud him of his property; that, while the transaction was done in Miller's name, yet Pruitt was interested in and had full knowledge of the entire transaction; that, after he had conveyed his property to Miller, Miller had conveyed it to Pruitt, and Pruitt sought to hold same as an innocent purchaser. Plaintiff introduced testimony tending to show that Pruitt was not only interested in, and had full knowledge of the entire transaction by which he was defrauded of his property, but that, acting together, they had been making a practice of endeavoring to obtain property upon worthless vendor's lien notes on lands in Texas. It is contended by Pruitt that he was not a partner with Miller, that he had no knowledge of the fraud which Miller had practiced upon Butterfield, and that he had no interest in the transaction, but had purchased the property in good faith from Miller, and claimed same as an innocent purchaser. He introduced testimony by which he endeavored to show that he was not in partnership with Miller, and that he was not interested in the transactions between Miller and Butterfield.

Numerous errors are assigned as grounds for reversal of the judgment. But from a study of the record and briefs of counsel the correctness of the judgment all goes back to the one question whether or not the plaintiff was defrauded of his property, and whether or not Miller and Pruitt acted together in the perpetration of the fraud.

The jury had all the facts before them, and heard the testimony of the witnesses. They were the exclusive judges of the weight of the testimony and the credibility of the witnesses, and were so instructed by the court, and, having reached their conclusion from the testimony which they had heard, it is not the policy of this court to disturb their verdict. It is contended by plaintiff in error that the court erred in its instruction to the jury. But the error complained of consisted in the use of a wrong preposition, but if the error complained of be treated

as an obvious clerical or typographical error, and the preposition be properly transposed, then the instruction is substantially correct. If not, and the instruction be treated in its literal form as it now stands, then it is not prejudicial to defendant; for, if either party has grounds for complaint in its present form, it is the plaintiff.

It is further contended that the court erred in denying a motion for a new trial on the ground of newly discovered evidence. The newly discovered evidence consisted in the fact that one Tom Lance, who had testified in behalf of plaintiff at the trial, had subsequently, in an action where he, Lance, was being prosecuted for perjury, had admitted that the testimony which he had given at the trial between Butterfield and Pruitt was false. The record does not show what became of the alleged prosecutor for perjury, but the motion for a new trial is supported by an affidavit from the court reporter who took Lance's testimony at the perjury trial. But from the examination of the affidavit, as to what Lance's testimony was at the perjury trial, we are unable to see wherein it would materially change the result. If his testimony at the trial between Butterfield and Pruitt be treated as false, and his testimony at the alleged perjury trial be treated as true, it could not materially affect the result, because in both trials his testimony tended to show that Pruitt and Miller were acting together in disposing or trying to dispose of worthless vendor's lien notes on Texas lands, and that they had it so arranged that, when they "caught one" as they termed it, he would be instructed to call up a bank at Ft. Worth, Tex., to ascertain whether the bank would cash such vendor's lien notes, and the supposed bank would answer that the notes would be cashed at 10 per cent. discount. So we are unable to see wherein the result would be changed by the newly discovered testimony. We think upon a consideration of the entire record that the verdict should not be disturbed.

The judgment of the lower court should therefore be affirmed.

By the Court: It is so ordered.